IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HILL,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN LAMANNA, et al.,<br><br>    Defendants. | Civil Action No. 03-323E<br><br>Judge McLaughlin<br>Magistrate Judge Baxter<br><br>*(Electronic Filing)* |

### DEFENDANTS' ANSWER

AND NOW, come the Defendants, John LaManna, William Collins, Marty Sapko, Deborah Forsyth, Stephen Housler, Robert Klark, Robert Reome, and Beth Fantaskey, (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Michael C. Colville, Assistant United States Attorney for said district, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc, and Answer the Plaintiff's Fifth Amended Complaint as follows:

### PARTIES

1. ADMITTED.

2. ADMITTED that Defendant John J. LaManna was, at all times relevant to this action, the Chief Executive Officer (Warden) for FCI McKean. It is DENIED that he is still employed in that capacity.

3. ADMITTED that Defendant Deborah Forsyth was, at all times relevant to this action, the Superintendent of Industries for the UNICOR facility located in FCI McKean. It is DENIED that she is still employed in that capacity.

4. ADMITTED.

5. ADMITTED that Defendant Steven Housler is the Safety Manager at FCI McKean, and that he acted in as an agent of the Federal Bureau of Prisons and the United States of America. Otherwise, DENIED.

6. ADMITTED that Defendant William Collins was, at all times relevant to this action, the Chief Dental Officer for FCI McKean. It is DENIED that he is still employed in that capacity.

7. ADMITTED that Defendant Robert Klark was, at all times relevant to this action, the Camp Administrator/Executive Assistant, and the Legal Liaison for FCI McKean. It is DENIED that he is still employed in that capacity.

8. ADMITTED.

9. ADMITTED that Defendant Beth Fantaskey was, at all times relevant to this action, the Supervisor of Education/Principal for FCI McKean. It is DENIED that she is still employed in that capacity.

10. ADMITTED that the United States of America is the operator of FCI McKean and the employer of the individual Defendants. Otherwise, this paragraph states a legal conclusion to which no response is required. To the extent a response is required, the remainder of this paragraph is DENIED.

## JURISDICTION

11. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## ADMINISTRATIVE REMEDIES

12. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## FACTS

13. ADMITTED that Plaintiff arrived at FCI McKean on October 18, 2001, and was housed in that facility at all times relevant to this action. Otherwise, DENIED.

14. ADMITTED.

### Dental Injuries

15. ADMITTED.

16. Upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

17. Upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

18. DENIED.

19. ADMITTED that Plaintiff submitted a written request for Administrative Remedy relating to his dental care. Otherwise, DENIED.

20. DENIED.

21. ADMITTED that Plaintiff was next seen by the dentist in November 2002. Otherwise, upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

22. Upon reasonable investigation, Defendants are without information sufficient to either

        admit or deny the averments in this paragraph.

23. Upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

24. DENIED.

25. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

26. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

27. Upon reasonable investigation, Defendants are without information sufficient to either admit or deny the averments in this paragraph.

## **UNICOR Claims**

28. ADMITTED that Plaintiff began working in the UNICOR factory at FCI McKean which, at that time, engaged in various aspects of the manufacture of furniture products, in August of 2002. Otherwise, DENIED.

29. DENIED.

30. DENIED.

31. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

32. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

33. DENIED.

34. ADMITTED that some inmates used brooms to clean the machinery. Otherwise, DENIED.

35. DENIED.

36. DENIED.

37. DENIED.

38. DENIED.

39. ADMITTED that respirators were available. DENIED that Defendants refused to provide them to Plaintiff, or other workers.

40. DENIED.

41. DENIED.

42. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

43. DENIED.

44. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

45. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## COUNT I

46. Defendants incorporate by reference their answers to paragraphs 1-45.

47. ADMITTED.

48. ADMITTED.

49. DENIED.

50. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

51. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

52. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

53. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## COUNT II

54. Defendants incorporate by reference their answers to paragraphs 1-53.

55. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

56. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

57. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

58. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

59. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

60. The averments in this paragraph relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

### **COUNT III**

61. Defendants incorporate by reference their answers to paragraphs 1-60.

62. ADMITTED.

63. ADMITTED.

64. ADMITTED that Defendant Collins was involved in making decisions relating to Plaintiff's dental care. Otherwise, DENIED.

65. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

66. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

67. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

68. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## COUNT IV

69. Defendants incorporate by reference their answers to paragraphs 1-68.

70. ADMITTED.

71. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

72. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are

DENIED.

73. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

74. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

75. The averments in this paragraph state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

### FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to Qualified Immunity.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has not satisfied the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has not stated a claim of any Constitutional violation for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b).

### FOURTH AFFIRMATIVE DEFENSE

To the extent any of the Defendants are named in their official capacities, they are entitled to sovereign immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy the physical injury requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

### SIXTH AFFIRMATIVE DEFENSE

Defendants LaManna, Fantaskey, Klark, and Reome are entitled to be dismissed from this action based upon their lack of personal involvement and the doctrine of *respondeat superior*.

### SEVENTH AFFIRMATIVE DEFENSE

The United States is entitled to Sovereign Immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to make any effort to mitigate his damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be proportionately decreased based upon Plaintiff's contributory negligence.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery based upon his own assumption of the risk.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for negligence upon which relief may be granted.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has not shown that Defendants action proximately caused any damages.

WHEREFORE, Defendants pray this Court dismiss Plaintiff's Complaint with prejudice.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney


        /s/ Michael C. Colville
        MICHAEL C. COLVILLE
        Assistant U.S. Attorney
        Western District of PA
        U.S. Post Office & Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7337
        PA ID No. 56668


<u>OF COUNSEL:</u>

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, N.W., Room 8011
Washington, D.C.  20534

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2006, I have served a copy of the within DEFENDANTS' ANSWER by either electronic filing and/or first-class mail, upon the following:

        Richard A. Lanzillo, Esquire
        Knox McLaughlin Gornall & Sennett, P.C.
        120 West Tenth Street
        Erie, PA 16501-1461

        /s/ Michael C. Colville
        MICHAEL C. COLVILLE
        Assistant U.S. Attorney