**Westlaw Download Summary Report for GOLDRING,DOUG 5288651**

| | |
|---|---|
| Date/Time of Request: | Wednesday, January 31, 2007 14:18:00 Central |
| Client Identifier: | DOJ |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 161 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson, West and their affiliates.

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1414854 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

Briefs and Other Related Documents

Jones v. KearneyD.Del.,2001.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Antonio JONES, Plaintiff,
v.
Richard KEARNEY, Warden, State of Delaware, Patricia S. Ditto, Treatment Administrator, Stan Taylor, Commissioner, Defendants.
No. 00-818-JJF.

Nov. 2, 2001.

Antonio Jones, Delaware Correctional Center, Smyrna, Delaware, Plaintiff, pro se.
Stuart B. Drowos, Department of Justice, State of Delaware, Wilmington, Delaware, for the Defendants.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Presently before the Court is a Motion To Dismiss Pursuant To Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants Warden Rick Kearney, Commissioner Stan Taylor, Treatment Administrator Patricia Ditto, and the State of Delaware (collectively "Defendants"). (D.I.29). For the reasons discussed, Defendants' Motion To Dismiss (D.I.29) will be granted.

BACKGROUND

Plaintiff Antonio Jones is currently an inmate at the Sussex Correctional Institute. (D.I.2). Plaintiff filed a pro se Complaint on September 7, 2000, against Sussex Correctional Institute's Warden, Rick Kearney. (D.I.2). On November 17, 2000, Plaintiff filed an Amended Complaint, adding as Defendants, Commissioner of Department of Corrections Administration Stan Taylor, Treatment Administrator Patricia Ditto, and the State of Delaware. (D.I.11). On December 4, 2000, by Order of the Court, service of process was issued upon Defendants. (D.I.16). On February 9, 2001, Defendants filed the instant Motion to Dismiss. (D.I.18).

Count I of the Amended Complaint alleges that Defendants are in violation of the Governor's Executive Order No. 71. (D.I. 11 at 3). Count II of the Amended Complaint alleges that Plaintiff's exposure to Environmental Tobacco Smoke ("ETS") in Sussex Correctional Institute ("SCI") constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. *Id.* Plaintiff is seeking an injunction to be housed with nonsmokers, or a suspension of the remainder of his sentence, in addition to an award of compensatory and punitive damages. *Id.* On February 9, 2001, Defendants filed the instant Motion To Dismiss, and Plaintiff failed to respond. (D.I.30).

STANDARD OF REVIEW

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a pleading for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). As such, when considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. *Neitzke v. Williams,* 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1255 (3d Cir.1994). However, the Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." *Kost,* 1 F.3d at 183 (citation omitted). Dismissal is appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45 (1957).

DISCUSSION

I. Governor's Executive Order No.71

In Count I of the Complaint, Plaintiff alleges that Defendants are not in compliance with the Governor's Executive Order No. 71 ("Order 71"). (D.I. 11 at 3). Plaintiff alleges that Order 71 prohibits smoking in any state facility. *Id.* Defendants respond that Order 71 does not prohibit smoking, it only *restricts* smoking in state buildings. (D.I. 30 at 4). Moreover,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2001 WL 1414854 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

Defendants contends that prison facilities are exempt from Order 71 smoking regulations. [FN1] *Id.*

> FN1. Additionally, Defendants assert a variety of immunities that shield them from liability. (D.I.30). However, the Court concludes it is unnecessary to address these assertions, given that Plaintiff's Complaint will be dismissed under Rule 12(b)(6).

*2 After examination, the Court concludes that the plain meaning of the language of Order 71 affords prison facilities with an exemption. Specifically, section 6 of Order 71 provides that:
State-owned or operated 24-hour residential facilities for patients or inmates, and any State-owned or leased facility which is used as a private family home shall be exempt from the specific requirements of this Executive Order. In the case of exempted residential facilities, the appropriate Cabinet Secretaries shall develop reasonable smoking policies that are consistent with the intent established by this Executive Order and are tempered by the need to operate such facilities in an orderly and safe manner.

Exec. Order No. 71 § 6 (Del.1989). SCI is a State-owned 24-hour residential facility for inmates, and is consequently exempt from Order 71. *Id.*

However, Order 71 also requires all exempt residential facilities to develop "reasonable smoking policies" consistent with its intent. *Id.* Section 6 of Order 71 recognizes "the need to operate such facilities in an orderly and safe manner." *Id.* The Court is persuaded that SCI has developed reasonable smoking policies that are consistent with the intent of Governor's Executive Order No. 71. SCI's has an "open air" policy which relegates smoking to specific times and areas of the facility, limiting smoking to the outdoors. (D.I.30). The Court is persuaded that SCI's "open air" policy is reasonable and promotes an orderly environment, safe from the potential hazards of ETS. Furthermore, the Court is persuaded that SCI sufficiently enforces the "open air" policy and reprimands those in violation of the policy. *Id.* at 5. Plaintiff can allege no facts upon which relief can be granted with regard to Order 71. Therefore, the Court will dismiss Plaintiff's claim that Defendants are not in compliance with Order 71.

II. Environmental Tobacco Smoke Claim

Count II of the Amended Complaint alleges that Plaintiff's exposure to ETS creates an unreasonable risk and is a form of cruel and unusual punishment in violation of the Eighth Amendment. (D.I. 11 at 3). Defendants respond that Count II fails to state a claim for cruel and unusual punishment, because the alleged conduct does not meet the requirements set forth by the Supreme Court of the United States. *See Helling v. McKinney,* 509 U.S. 25, 35 (1993).

In a claim alleging exposure to ETS, the United States Supreme Court has held that the inmate must prove both that, objectively, there is exposure to unreasonably high levels of ETS, and that subjectively, prison officials have shown deliberate indifference to the inmate's exposure. *Id.* For the objective factor, Plaintiff "must show that he himself is being exposed to unreasonably high levels of ETS." *Id.* The subjective factor deals with deliberate indifference and "should be determined in light of the prison authorities' current attitudes and conduct." *Id.* at 36. Deliberate indifference is present when the defendant fails "to act despite his or her knowledge of a substantial risk of serious harm." *Daniels v. Delaware,* 120 F.Supp.2d 411, 426 (D.Del.2000) (citing *Pew v. Connie,* 1997 U.S. Dist. LEXIS 18222 (E.D.Pa. Nov. 14, 1997)).

*3 After examining the record, the Court concludes that Plaintiff has failed to satisfy the objective factor, because he is unable to show that he is being exposed to unreasonably high levels of ETS. The open air policy in effect at SCI restricts smoking to designated areas and specific times, only authorizing smoking outdoors. (D.I.30 at 5.) Thus, it is improbable that Plaintiff is exposed to unreasonably high levels of ETS. *Id.* at 4. Furthermore, in *Helling,* the Supreme Court held that a prisoner whose cell-mate smoked five packs of cigarettes a day stated a claim under the Eighth Amendment. Unlike in *Helling,* Plaintiff is only exposed to the limited amount of ETS, for a limited amount of time each day, due to SCI's open air smoking policy. This degree of ETS exposure fails to rise to the "unreasonably high" level required under *Helling* to state a claim of cruel and unusual punishment under the Eighth Amendment.

Given that Plaintiff has failed to demonstrate that he is being exposed to unreasonably high ETS levels, thus failing the objective requirement under *Helling,* Plaintiff's claim of excessive inhalation of ETS does not allege sufficient facts to withstand a motion to dismiss. *Id.* As such, a discussion of the subjective requirement of *Helling* is not required. 509 U.S. at 35. Accordingly, upon reviewing the Complaint in the light most favorable to Plaintiff, the Court

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2001 WL 1414854 (D.Del.)  
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

concludes that Plaintiff has failed to prove any set of facts in support of his claims which would entitle him to relief, and therefore, the Court will dismiss Plaintiff's Eighth Amendment Claim.

CONCLUSION

For the reasons discussed, Defendants' Motion To Dismiss (D.I.30) will be granted,[FN2] pursuant to Fed.R.Civ.P. 12(b)(6).

> FN2. Because the Court will grant Defendants' Motion To Dismiss (D.I .29), Plaintiff's Motion For Trial To Expedite (D.I.26) will be denied as moot.

An appropriate Order will be entered.

*ORDER*

At Wilmington, Delaware this 2 day of November 2001, for the reasons discussed in the Memorandum Opinion issued this day, IT IS HEREBY ORDERED that:
(1) Defendants' Motion to Dismiss (D.I.18) is *GRANTED*.
(2) Plaintiff's Motion For Trial To Expedite (D.I.26) is *DENIED AS MOOT*.

D.Del.,2001.
Jones v. Kearney
Not Reported in F.Supp.2d, 2001 WL 1414854 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:00CV00818 (Docket) (Sep. 07, 2000)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.