IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. HILL, | ) | Docket No. 03-323E |
| | ) | (Judge Susan Paradise Baxter) |
| Plaintiff, | ) | |
| | ) | ELECTRONICALLY FILED PLEADING |
| vs. | ) | |
| | ) | PLAINTIFF MICHAEL W. HILL'S |
| UNITED STATES OF AMERICA, | ) | PRETRIAL STATEMENT CONCERNING |
| JOHN J. LAMANNA, | ) | CLAIM BASED UPON INADEQUATE |
| WILLIAM K. COLLINS, | ) | DENTAL CARE |
| MARTY SAPKO, | ) | |
| STEPHEN HOUSLER, | ) | Filed on behalf of: Plaintiff Michael W. Hill |
| ROBERT KLARK, | ) | |
| ROBERT REOME, | ) | Counsel of record for this party: |
| BETH FANTASKEY, and | ) | Richard A. Lanzillo, Esq. |
| DEBORAH FORSYTH, | ) | Knox McLaughlin Gornall |
| | ) | & Sennett, P.C. |
| Defendants | ) | 120 West 10th Street |
| | ) | Erie, PA 16501 |
| | ) | Telephone (814) 459-2800 |
| | ) | Facsimile (814) 453-4530 |
| | ) | Email rlanzillo@kmgslaw.com |
| | ) | PA53811 |

**PLAINTIFF MICHAEL W. HILL'S PRETRIAL STATEMENT
CONCERNING CLAIM BASED UPON INADEQUATE DENTAL CARE**

Plaintiff, Michael W. Hill, respectfully submits the following as his Pretrial

Statement concerning his claim based upon the denial of reasonable and appropriate dental care.

Plaintiff Hill submits this Pretrial Statement separately from the Pretrial Statement filed on behalf

of all Plaintiffs concerning their exposure to hazardous substances while employed at the

UNICOR facility because Hill's dental claim is distinct from Plaintiffs' exposure claims.

I.   **MATERIAL FACTS**

In early 2001, while housed at the United States Penitentiary in Lompoc,

California ("USP-Lompoc"), plaintiff, Michael Hill, was diagnosed with three oral cavities. He

received treatment at USP-Lompoc which included the placement of a temporary filling on one of the three oral cavities. In July, 2002, while at FCI-McKean, Hill verbally informed defendants Collins and Lamanna that the temporary filling that he received at USP-Lompoc was dissolving and nearly out of the tooth. The dissolving of the temporary filling caused Hill discomfort and pain, especially when the filling was exposed to air and cold drink. Hill informed defendants Collins and Lamanna of this discomfort and pain on repeated occasions.

Defendants Collins and Lamanna refused to treat Hill's dental condition and, instead, informed Hill that he was required to wait for his turn pursuant to FCI-McKean's dental appointment list. Defendant Collins went so far as to threaten Hill with being placed in a restricted special housing unit if he sought any additional treatment for his decaying tooth. On July 3, 2002, Hill submitted a written request for administrative remedy to defendant Lamanna, again asking to be seen for the pain and discomfort associated with his dissolving temporary filling. In response to this written request, defendant Lamanna again informed Hill that he would not be seen until his turn pursuant to the dental appointment list.

Between July and November 2002, Hill was not seen by any dentist and continued to experience pain and discomfort. On or about November 22, 2002, Plaintiff's temporary filling became completely dislodged from Hill's tooth. After the failure of his temporary filling, Hill's pain increased to such an extent that he was unable to eat or drink. Although Hill immediately reported the loss of his temporary filling and his increased pain to the Health Service Administrator at FCI-McKean's Medical Unit, no medical attention other than a prescription for Motrin was provided to him until November 27, 2002, when he was taken to the dental department at FCI-McKean.

On November 27, 2002, Hill was seen by Defendant Collins who advised Hill that

his only options for treatment were the immediate extraction of the tooth or continuing to wait until his name came up on the list for routine care. Defendant Collins advised Hill that he was number 44 on the list for routine care. Recognizing that he could not continue to endure the pain awaiting his turn for routine dental care, which was estimated to be two to three additional months, Hill consented to the extraction of his tooth. Hill continues to suffer complications from the extraction of his tooth and will require additional dental treatment and a probable bridge or other dental prosthesis.

The care provided to Michael Hill at F.C.I. McKean fell below the standard of care applicable in the community and generally in the dental profession. Had Mr. Hill received proper dental care, his tooth could have been saved. As a result of the deficient care provided to Hill at F.C.I. McKean, he has endured significant pain and discomfort. The cost of replacing the tooth that was lost due to this deficient dental care is approximately $3,000.00.

II.     **WITNESSES**

  1.    Michael Hill

  2.    Richard Brozewicz, D.D.S
        1851 East 38th Street
        Erie, PA  16510
        (Report Attached)

  3.    William K. Collins (as on cross-examination)

  4.    John J. LaManna (as on cross-examination)

Plaintiff reserves the right to supplement this witness list prior to trial in accordance with applicable Court rules and guidelines and to call any witness listed in the Pretrial Statement of Defendants.

**III.     EXHIBITS**

1. Dental Records of Michael Hill from USP Lompoc

2. Dental Records of Michael Hill from FCI McKean

3. Dental x-rays regarding Michael Hill

4. Administrative Remedy Filings of Michael Hill

5. Responses to Administrative Remedy Filings of Michael Hill

6. Dental Policy of the Federal Prison System

7. Documents and records exchanged by the parties during discovery

8. Exhibits submitted in support and opposition to Defendants' Motions for Summary Judgment or, alternatively, to Dismiss

Plaintiff reserves the right to supplement this exhibit list prior to trial in accordance with applicable Court rules and guidelines and to offer or use any exhibit listed in the Pretrial Statement of Defendants.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: /s/ Richard A. Lanzillo, Esq.
    Richard A. Lanzillo, Esquire
    PA53811
    Neal R. Devlin
    PA89223
    Bryan G. Baumann
    PA95046
    120 West Tenth Street
    Erie, PA  16501
    Telephone (814) 459-2800
    Facsimile (814) 453-4530
    Email rlanzillo@kmgslaw.com

# 714550