**RICHARD BROZEWICZ, D.D.S.**
Family Dentistry

1851 East 38th Street • Erie, PA  16510 • **(814) 825-7444**

February 20, 2007

Richard A. Lanzillo, Esquire
Knox McLaughlin Gornall & Sennett, PC
120 West Tenth Street
Erie, PA  16501

      **RE:   Michael Hill vs. Lamanna, et al.  (#03-323E)**

Dear Mr. Lanzillo:

At your request, I have reviewed the records and other materials relating to the dental care provided to Michael Hill while he was incarcerated at the Federal Correctional Institution at McKean, Pennsylvania.  These records included:

1. Dental Records of Michael Hill from USP Lompoc;
2. Dental Records of Michael Hill from FCI McKean;
3. Dental x-rays containing approximately 13 views;
4. Dental Policy of the Federal Prison system;
5. Various Administrative Remedy filings of Michael Hill with responses; and
6. Expert report of John R. Bush, DMD.

Based upon my review, and to a reasonable degree of medical certainty, it is my opinion that the care provided to Michael Hill at F.C.I. McKean fell below the standard of care applicable in the community and generally in the dental profession.

Dental x-rays indicate that Mr. Hill suffered a deep cavity at tooth #13 tooth and that this tooth was treated by Dr. Rose at U.S.P. Lompoc in January, 2001, by removing all caries within the tooth and then placing a medicated temporary filling in the tooth to restore its integrity.

Records, including the post-filling x-ray, show that the tooth could have been saved if proper and reasonable care had been provided to Mr. Hill at FCI McKean.  Reasonable dental care dictated that Mr. Hill receive follow-up care after the temporary filling.  Reasonable dental practice and the standard of care dictate that care following the placement of a temporary filling occur within a reasonable period of time, generally within 90 days.  However, Mr. Hill was not provided with follow-up care until November 27, 2002.  By this time, the tooth and the temporary filling had significantly deteriorated.  As the temporary filling broke down, it exposed dentin and exacerbated the development of pulpitis.  These conditions result in sensitivity to cold and pain, such as Mr. Hill later complained.

Richard A. Lanzillo, Esq.
February 20, 2007
Page 2
Re: Michael Hill

On the November 27, 2002 emergency visit with Dr. Collins at FCI McKean, Mr. Hill appears to have been presented essentially with two options: (1) extraction of the tooth, or (2) to wait his turn for routine care. I have been advised that the second option could have required Mr. Hill to wait additional 2 to 4 months routine care. Based upon the condition of Mr. Hill's tooth as described by Dr. Collins in his records, the second choice would have involved severe pain and discomfort on the part of the patient. I fundamentally disagree with Dr. Bush that endodontic therapy was not appropriate in this case. I also disagree with the position that endodontic therapy would be appropriate only if performed on anterior teeth. Endodontic therapy is also indicated on posterior teeth, provided that a full coverage restoration is placed to prevent fracture. In this case, endodontic therapy was the appropriate therapy for Mr. Hill, and would have promptly relieved his discomfort. I disagree that the community standard of care recognizes extraction as an equally appropriate treatment for cases such as Mr. Hill.

In my opinion, had Mr. Hill received proper dental care, Mr. Hill's tooth could have been saved. The cost of replacing the tooth with an implant averages about $3,000.00.

My opinions are based upon my review of the records, information provided by counsel as well as my experience, education, and training. I am a 1990 graduate of The Ohio State University College of Dentistry. I received my undergraduate education from Gannon University, where I received my Bachelor of Science degree in biology in 1986. I have been in private practice in Erie, Pennsylvania since 1990. In approximately 1992-1993, I also was on the dental staff for the Booker T. Washington Center.

Sincerely,

Richard Brozewicz, DDS