**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL W. HILL, | ) Docket No. 03-323E |
| | ) (Judge Susan Paradise Baxter) |
| Plaintiff, | ) |
| | ) ELECTRONICALLY FILED PLEADING |
| vs. | ) |
| | ) PLAINTIFF MICHAEL W. HILL'S |
| UNITED STATES OF AMERICA, | ) OBJECTIONS TO MAGISTRATE JUDGE'S |
| JOHN J. LAMANNA, | ) REPORT AND RECOMMENDATION |
| WILLIAM K. COLLINS, | ) REGARDING DENTAL CARE |
| MARTY SAPKO, | ) |
| STEPHEN HOUSLER, | ) Filed on behalf of: Plaintiff Michael W. Hill |
| ROBERT KLARK, | ) |
| ROBERT REOME, | ) Counsel of record for this party: |
| BETH FANTASKEY, and | ) Richard A. Lanzillo, Esq. |
| DEBORAH FORSYTH, | ) Knox McLaughlin Gornall |
| | ) & Sennett, P.C. |
| Defendants | ) 120 West 10th Street |
| | ) Erie, PA 16501 |
| | ) Telephone (814) 459-2800 |
| | ) Facsimile (814) 453-4530 |
| | ) Email rlanzillo@kmgslaw.com |
| | ) PA53811 |

**PLAINTIFF MICHAEL W. HILL'S OBJECTIONS TO REPORT AND
RECOMMENDATION REGARDING DENTAL CARE**

Plaintiff, Michael W. Hill, respectfully objects to the Magistrate Judge's Report and Recommendation dated February 23, 2007 to the extent that it recommends the dismissal of defendants Collins and LaManna and plaintiff's Bivens claim against these defendants. The evidence in this action is sufficient to support a claim of deliberate indifference by these defendants regarding plaintiff's serious dental needs.

In early 2001, while housed at the United States Penitentiary in Lompoc, California ("USP-Lompoc"), plaintiff, Michael Hill, was diagnosed with three oral cavities. He received treatment at USP-Lompoc which included the placement of a temporary filling on one

of the three oral cavities. In July, 2002, while at FCI-McKean, Hill verbally informed defendants Collins and Lamanna that the temporary filling that he received at USP-Lompoc was dissolving and nearly out of the tooth. The dissolving of the temporary filling caused Hill discomfort and pain, especially when the filling was exposed to air and cold drink. Hill informed defendants Collins and Lamanna of this discomfort and pain on repeated occasions.

Defendants Collins and Lamanna refused to treat Hill's dental condition and, instead, informed Hill that he was required to wait for his turn pursuant to FCI-McKean's dental appointment list. Defendant Collins went so far as to threaten Hill with being placed in a restricted special housing unit if he sought any additional treatment for his decaying tooth. On July 3, 2002, Hill submitted a written request for administrative remedy to defendant Lamanna, again asking to be seen for the pain and discomfort associated with his dissolving temporary filling. In response to this written request, defendant Lamanna again informed Hill that he would not be seen until his turn pursuant to the dental appointment list.

Between July and November 2002, Hill was not seen by any dentist and continued to experience pain and discomfort. On or about November 22, 2002, Plaintiff's temporary filling became completely dislodged from Hill's tooth. After the failure of his temporary filling, Hill's pain increased to such an extent that he was unable to eat or drink. Although Hill immediately reported the loss of his temporary filling and his increased pain to the Health Service Administrator at FCI-McKean's Medical Unit, no medical attention other than a prescription for Motrin was provided to him until November 27, 2002, when he was taken to the dental department at FCI-McKean.

On November 27, 2002, Hill was seen by Defendant Collins who advised Hill that his only options for treatment were the immediate extraction of the tooth or continuing to wait

until his name came up on the list for routine care. Defendant Collins advised Hill that he was number 44 on the list for routine care. Recognizing that he could not continue to endure the pain awaiting his turn for routine dental care, which was estimated to be two to three additional months, Hill consented to the extraction of his tooth. Hill continues to suffer complications from the extraction of his tooth and will require additional dental treatment and a probable bridge or other dental prosthesis.

WHEREFORE, plaintiff Michael Hill respectfully requests that the Court sustain his objection to the Report and Recommendation of the Magistrate Judge to the extent that it recommended the dismissal of his <u>Bivens</u> claim against defendants Collins and LaManna.

    Respectfully submitted,

    KNOX McLAUGHLIN GORNALL &
    SENNETT, P.C.


    BY: <u>/s/ Richard A. Lanzillo, Esq.</u>
        Richard A. Lanzillo, Esquire
        PA53811
        Neal R. Devlin
        PA89223
        Bryan G. Baumann
        PA95046
        120 West Tenth Street
        Erie, PA  16501
        Telephone (814) 459-2800
        Facsimile (814) 453-4530
        Email rlanzillo@kmgslaw.com

# 716941